UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RESTY GONZALES,

    Plaintiff,

v.                                Case No: 8:21-cv-2287-KKM-AEP

RECEIVABLES PERFORMANCE
MANAGEMENT LLC,

    Defendant.
_____

## ORDER

    The Fair Debt Collection Practices Act (FDCPA) prohibits a debt collector from communicating "in connection with the collection of any debt, with any person other than the consumer." 15 U.S.C. § 1692c(b). Florida law also requires that debt collectors maintain written policies and procedures for the secure handling of all consumer documents and information received while collecting a debt. Fla. Admin. Code R. 69V-180.090(2). Receivables Performance Management, LLC, a debt collector, allegedly contracts with a third-party mail vendor to send out debt collection letters. Resty Gonzales allegedly received such a letter from a third-party vendor and sued Receivables for violating the FDCPA. Gonzales does not dispute the amount or origin of the debt sought in the letter, and he identifies no tangible harm suffered by the letter. He instead alleges that

Receivables affected his reputation by disclosing his personal information to a third party in violation of federal and state law.

Gonzales filed this action in state court in August 2021, and Defendant removed the case in September 2021. (Doc. 1-4; Doc. 1.) After Gonzales filed an amended complaint and Receivables filed an answer, in January 2022, the Court stayed this case pending the Eleventh Circuit's en banc ruling in *Hunstein v. Preferred Collection & Management Services, Inc.*, 48 F.4th 1236 (11th Cir. 2022). (Doc. 17.) The parties filed a Joint Status Report on September 20, 2022, (Doc. 21), and Gonzales filed a motion for remand arguing that Receivables has failed to show that this case has Article III standing and seeking attorney's fees, (Doc. 22). Receivables replied, agreeing that the case should be remanded in the light of *Hunstein* but opposing the award of attorney's fees. (Doc. 24.) For the reasons provided in *Hunstein* and further explained below, the Court remands the case and denies the request for attorney's fees.

Article III limits the jurisdiction of federal courts to "Cases" and "Controversies," *see TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992), thereby "confin[ing] the federal courts to a properly judicial role," *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). As such, federal courts must independently assure themselves that they have jurisdiction over a case at every stage, regardless of whether the parties raise the issue or agree that jurisdiction exists. *See Plains*

*Com. Bank v. Long Fam. Land & Cattle Co.*, 554 U.S. 316, 324 (2008); *United States v. Ross*, 963 F.3d 1056, 1062 (11th Cir. 2020).

The case-or-controversy requirement permits federal courts to exercise their power only for "the determination of real, earnest, and vital controversy between individuals." *Chi. & Grand Trunk Ry. Co. v. Wellman*, 143 U.S. 339, 345 (1892). The doctrine of standing, which liquidates this constitutional limit, includes the "irreducible constitutional minimum" of three elements: the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it. *Lujan*, 504 U.S. at 560–61.

An injury in fact means "an invasion of a legally protected interest" that is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal quotation marks and quotations omitted). Relevant here, a concrete injury must be "*de facto*," meaning "it must actually exist"—it must be "'real,' and not 'abstract.'" *Spokeo*, 578 U.S. at 340 (quotation omitted); *see TransUnion*, 141 S. Ct. at 2204.

A "bare procedural violation, divorced from any concrete harm, [cannot] satisfy the injury-in-fact requirement of Article III." *Spokeo*, 578 U.S. at 341; *see also Hunstein v. Preferred Collection and Mgmt. Servs.*, 48 F.4th at 1239. "In particular, a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate

3

that right.'" *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 997 (11th Cir. 2020) (quoting *Spokeo*, 578 U.S. at 341) (alteration in original).

To evaluate concreteness of an intangible injury from a statutory violation, the Supreme Court has instructed that courts look to "history and the judgment of Congress." *Spokeo*, 578 U.S. at 340. Regarding the judgment of Congress, Congress may not "creat[e] new injuries out of whole cloth." *Hunstein*, 48 F.4th at 1243. Courts should look to congressional judgment as instructive, but not end their analysis there. *Id.* For the history prong, courts "look to see if it matches up with a harm 'traditionally recognized as providing a basis for lawsuits in American courts.'" *Id.* at 1242 (quoting *TransUnion*, 141 S. Ct. at 2204). "Although an 'exact duplicate' of a traditionally recognized harm is not required, the new allegations cannot be missing an element 'essential to liability' under the comparator tort." *Id.* (quoting *TransUnion*, 141 S. Ct. at 2209).

Applying this test, *Hunstein* held that the plaintiff's allegations were missing the essential element of publicity to have a close enough relationship with the common-law tort of public disclosure of private facts. 48 F.4th at 1250. In the absence of those allegations, the Eleventh Circuit concluded Hunstein's intangible harm of a FDCPA violation failed to amount to a concrete and particularized injury and thus it directed the district court to dismiss the case for lack of subject matter jurisdiction. *Id.*

Gonzales faces the same fate. Gonzales alleges that the debt collector violated 15 U.S.C. § 1692c(b) by disclosing his personal information to a third party without his permission. (Doc. 10 ¶ 35.) These facts are almost identical to Hunstein's claim. Because Hunstein failed to allege a concrete injury when he alleged only a procedural violation of § 1692c(b), *see Hunstein*, 48 F.4th at 1250, and Gonzales's claim is indistinguishable, he also lacks a concrete injury and therefore standing.

Gonzales brings other claims alleging statutory violations of the FDCPA and Florida law. (Doc. 10 ¶¶ 37-79.) But because he offers no additional allegations of a concrete injury to support Article III standing for those violations, this Court cannot exercise jurisdiction over those claims.

In the absence of an alleged concrete harm suffered by Gonzales, the Court lacks jurisdiction and remands the case to state court. *See* 28 U.S.C. § 1447(c). Additionally, Gonzales's request for attorney's fees (Doc. 22 ¶ 17) is denied because there was an objectively reasonable basis for subject matter jurisdiction at the time Receivables removed to federal court. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

Accordingly, the following is ordered:

1. Plaintiff's motion to remand (Doc. 22) is **GRANTED**.

2. Plaintiff's request for attorney's fees is **DENIED**.

3. The Clerk is directed to **REMAND** this action to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, and to transmit a certified copy of this order to the clerk of that court; to **TERMINATE** any pending motions and deadlines; and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on October 20, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge